ROBERT H. TAYLOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 8126-79.
United States Tax Court
T.C. Memo 1981-510; 1981 Tax Ct. Memo LEXIS 230; 42 T.C.M. (CCH) 1077; T.C.M. (RIA) 81510; September 15, 1981. Robert H. Taylor, pro se. Peter J. Devlin, for the respondent. PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to the tax as follows: Deficiencies
Additions to the
Year
in the Tax
Tax (Section 6653(a)) [1]
1974
$ 2,299
$ 115
1975
3,331
167
1976
1,466
73
The issues involve principally substantiation of amounts of, and in some instances the deductibility of, a multitude of Schedule *231 C business expenses, rental expenses, and itemized deductions for each year, as well be detailed below. There is also the question of whether any part of any underpayment of the tax was due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). Many of the facts have been stipulated and are so found. At the time he filed his petition in this case, petitioner's legal residence was in Brooklyn, New York. Petitioner and his wife filed joint Federal income tax returns for the calendar years 1974, 1975, and 1976. Respondent issued a statutory notice of deficiency, dated April 5, 1979, to petitioner and his wife. She has not petitioned the Tax Court. The statutory notice of deficiency in this case disallowed the following deductions: Item
1974
1975
1976
Schedule C Expenses-Real
Estate
$ 1,269
Rental Expenses
1,344
$ 2,096
$ 761
Interest Income
257
Sick Pay Exclusion
979
Medical Expenses
4,440
4,649
1,445
Contributions
1,127
3,050
240
Mortgage Interest
470
Casualty Loss
1,400
2,100
3,100
Miscellaneous Deductions-Dog
Food for guard dogs
Sonja and Candy
475
621
Work clothes for
wife
848
Total Adjustments
$ 11,034
$ 13,364
$ 6,273
*232 Respondent has conceded that petitioner is entitled to the $ 979 sick pay exclusion for 1974 and the $ 240 charitable contribution for 1976. Petitioner has conceded that the expenses for dog food for the guard dogs for 1974 and 1975 and for his wife's clothes for 1975 were personal, nondeductible expenditures. Petitioner has also conceded the interest income item for 1976. Real Estate Business Expense
Petitioner and his wife were both employed full time, he as a dispatcher for the Manhattan and Bronx Surface Transit Operating Authority and she as a supervisor with the Department of Social Services, City of New York. They had three children and encountered financial difficulties trying to make ends meet on their incomes in the New York City area. Petitioner at various times apparently contemplated various ways to try to supplement or increase his income. On the tax return that he and his wife filed for 1974, petitioner deducted as Schedule C business expenses the amount of $ 1,269, consisting of the following: One-fifth of electric bill
$ 120
One-fifth heating
130
One-fifth remodeling costs
150
One-half auto insurance
92
One-half auto fuel expense
260
Trade journals
52
Telephone bills
190
Entertainment
275
Total
$ 1,269
*233 The Schedule C identified the business as real estate and insurance. From November 1, 1973 through 1977 petitioner was duly licensed by the State of New York as a real estate broker. He also had a license as an insurance broker. Whatever activities petitioner was engaged in were conducted out of his home. He did not advertise in the yellow pages of the telephone directory or participate in any multiple listing service utilized by real estate brokers. His activities consisted of reading the newspapers to try to get leads or trying to use personal contacts to get listings or make sales. In 1974 petitioner did not make any sales of insurance or real estate and he thereafter apparently abandoned any attempt to establish a real estate or insurance business. Petitioner has not furnished any documentation or other evidence to establish the amounts claimed on his return as business expenses. Deductions are a matter of legislative grace, and the taxpayer has the burden of showing his right to the claimed deductions. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); *234 Welch v. Helvering, 290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner has not carried his burden of proof. The mere fact that petitioner was licensed as a real estate and insurance broker is not enough. Merely having a license or being a member of a profession is insufficient to constitute a trade or business. Owen v. Commissioner, 23 T.C. 377 (1954). [2]
On the record in this case, the Court cannot find that petitioner's activities rose to the dignity of a trade or business. At most it was just as idea for starting a business, an idea that did not work out. Petitioner admitted that "Unfortunately, I didn't have much success." The record does not indicate any success at all. In any event, petitioner has not substantiated his expenditures, and his claim would fail on that ground alone. Rental Expenses
Petitioner and his wife owned a two-family brick home, one unit of which they and their children occupied and the other unit of which they rented. Petitioner *235 determined the rental expenses by totalling the expenditures for the whole house and claiming one-half of that amount as attributable to the rental property portion of the house. On audit respondent disallowed the following claimed expenses: Item
1974
1975
1976
Home Mortgage Interest
$ 624
[3] $ 470 Repairs & Supplies
320
$ 1,295
53 Sewer & Chimney Cleaning
96
Landscaping
105
Heating Fuel
400
600
103 Real Estate & Sewer
Taxes
(5)
Maintenance
140 Totals
$ 1,344
$ 2,096
$ 761 *236 Except for the home mortgage interest item for 1974, all of these rental expense deductions were disallowed for lack of substantiation. Petitioner has not furnished any documentation or other evidence to substantiate these claimed deductions. The 1974 home mortgage interest item was disallowed in order to avoid a duplication, since the full amount of mortgage interest had been listed on both Schedule A and Schedule E (attachment) of the tax return and was allowed by respondent as part of the Schedule A itemized deductions. On the record in this case, there is no basis for changing respondent's determination, and we must sustain respondent in regard to rental expenses. Medical Expense Deductions
During 1974-1976, petitioner and his wife were covered by medical insurance plans through their respective employers. The medical expenses deducted on Schedule A of their joint returns (without regard to the statutory floors) and the amounts that have been adequately substantiated are as follows: Item
1974
Claimed
Substantiated
Medicine &
Drugs
$ 1,625
$ 375
Other Medical
& Dental
Expenses
3,488
1,382
Totals
$ 5,113
$ 1,757
Item
1975
1976
Claimed
Substantiated
Claimed
Substantiated
Medicine &
Drugs
$ 2,200
$ 425
$ 985
$ 300
Other Medical
& Dental
Expenses
3,425
1,336
1,925
1,195
Totals
$ 5,625
$ 1,761
$ 2,910
$ 1,495
*237 Respondent did not allow a deduction for any portion of the substantiated amounts of medical expenses for the years 1974 and 1975, because petitioner failed to establish that he and/or his wife were not reimbursed for these amounts under their medical insurance plans. There is no evidence in the record in regard to that issue. For the year 1976 respondent did not raise the issue of reimbursement under the medical insurance plans, either during the audit or at the trial, and for that year respondent allowed a $ 560 medical deduction. [4] Petitioner has not established that he is entitled to a medical deduction in any greater amount for 1976. On the record in this case, there is no basis upon which to change respondent's adjustments to the medical expense deductions, and respondent's determination is sustained. Charitable Contributions
For 1974 and 1975, petitioner and *238 his wife claimed the following charitable contributions on Schedule A of their returns: 1974
1975
Cash contributions for which
taxpayer has receipts, etc.
$ 955
$ 1,450
Other cash contributions
250
$ 1,800
Total
$ 1,205
$ 3,250
They did not claim any non-cash contributions. On audit petitioner produced receipts substantiating $ 22 in cash contributions for 1974, and respondent allowed an additional $ 56 based upon petitioner's oral statements, for a total of $ 76 for charitable contributions that year. For 1975 petitioner produced receipts substantiating $ 24 in cash contributions, and respondent allowed an additional $ 76 based upon his oral statements and allowed a non-cash contribution of $ 100 based upon two receipts from the Salvation Army, [5] for a total of $ 200 charitable contributions for 1975. Before trial petitioner produced certain additional substantiation and respondent agreed to an additional $ 672, for total charitable contributions of $ 872 for 1975. *239 There is no evidence in the record to establish charitable contributions for 1974 and 1975 in any greater amounts than those already allowed or agreed to by respondent. See footnote 5. On this record we must sustain respondent. Casualty (or Theft) Losses
On his 1974 return, petitioner claimed a casualty loss in the amount of $ 1,500, before the $ 100 statutory deduction. During the audit petitioner stated that there were two losses in 1974: (1) an automobile accident in which his wife's car was struck from the rear by another car and (2) damage to the rental apartment by a tenant who was vacating the premises. There is no evidence in the record to establish whether or not any repairs were ever made to the wife's car or whether or not the driver of the other car or his insurance company paid for the damage. There is in evidence a receipt dated September 21, 1974, from H. Grissett Home Improvements indicating certain work at petitioner's home address in the amount of $ 1,500. There is no evidence that this work was the result of any deductible casualty or business loss. On his 1975 return, petitioner claimed a casualty or theft loss in the amount of $ 2,200, before *240 the statutory deduction. The incident was described on a statement attached to the return as occurring on September 2, 1975 and involving the breaking into of the garage attached to the back of the house and the theft of various items in the garage. The statement in the return indicated that the burglary had been reported to the police. Respondent denied the deduction on the ground that petitioner had not established that a burglary occurred, and also had not established the items and value of any items stolen. Petitioner furnished various receipts for items purchased by him in 1974 at various auction sales. These items were purchased for his personal use or for subsequent resale. There is no evidence in the record as to whether or not those items were still in petitioner's garage on September 2, 1975. There is no record at the police precinct for petitioner's neighborhood that such a burglary was ever reported by petitioner.The Court cannot find that a burglary occurred. On his 1976 tax return, petitioner claimed a theft loss of $ 3,650 (before the statutory floor deduction). On the return he described the items as cash in the amount of $ 3,200 and a fur coat that originally *241 cost $ 800 but had a fair market value of $ 450. During the audit petitioner submitted a copy of a police report, showing that petitioner had reported a burglary on February 10, 1976 in which petitioner reported that a mink coat ($ 800) and cash ($ 3,250 (sic)) were taken. Respondent concedes that a burglary occurred and has allowed $ 450 for the mink coat. Respondent disallowed the $ 3,200 for the cash that was allegedly taken. During 1976 petitioner and his wife maintained eight savings accounts at the Lincoln Savings Bank and one savings account at the Dime Savings Bank of New York. Four of these accounts were in petitioner's name, three were in his wife's name, and two were in both names. The total savings contained in these accounts as of February 10, 1976 totalled $ 10,000. Petitioner testified that 12 to 14 years ago he had been in the moving and storage business and was thinking about going back into the business, and that over the years he had accumulated a sum of money that he kept at home, money that he intended to use to purchase a van to go back into the moving business. Petitioner further testified that he kept over $ 3,200 in cash in a desk drawer at his home, *242 that he kept it there because he did not want his wife to know he had that money or to find out that he was thinking of going back into the moving business, and that after the burglary on February 10, 1976, he discovered that the money was gone. There was no indication of a forced entry of the desk drawer, where he kept the money, and petitioner assumes that the money was stolen during the burglary. There is a serious question as to whether or not the sum of money that was allegedly stolen ever existed at all. Considering petitioner's testimony about the financial difficulties he and his wife were encountering trying to live on their salaries in the New York City area in inflationary times, the Court found it inherently incredible that petitioner would simply leave a large sum of money in a desk drawer at home and not place it in a savings account particularly since he had at least four savings accounts in his own name in addition to the joint savings accounts with his wife.In any event, there is no evidence that this money, if it existed at all, was stolen during the burglary. Petitioner admits there was no forced entry of the desk drawer. The Court cannot find that a theft loss *243 within the meaning of section 165(c)(3) occurred. As discussed above, there is no basis upon which the Court can change respondent's disallowances, and we must sustain respondent in regard to the casualty and theft losses. Negligence Addition
To avoid the negligence addition under section 6653(a), petitioner must establish that the underpayment of his tax was not "due to negligence or intentional disregard of rules and regulations." Enoch v. Commissioner, 57 T.C. 781 (1972); Bradley v. Commissioner, 57 T.C. 1 (1971). Petitioner has not met his burden of proof, and we must sustain the addition to the tax. To reflect the concessions, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect during the taxable years involved in this case, unless otherwise indicated.↩
2. See also Reisine v. Commissioner, T.C. Memo. 1970-310; Ritz v. Commissioner, T.C. Memo. 1968-166↩.
3. In paragraph 22 of the Stipulation of Facts, the parties stipulated that on his 1976 return petitioner deducted $ 725 for home mortgage interest and had substantiated only a total payment of $ 510, which was split $ 255 for Schedule A and $ 255 for Schedule E. That explains the adjustment ($ 725 claimed - $ 255 allowed = $ 470 disallowance) shown on the statutory notice. However, on the 1976 return, petitioner in fact deducted total mortgage interest of $ 1,450, $ 725 on Schedule A and another $ 725 on Schedule E. Therefore, an additional $ 470 disallowance for mortgage interest for 1976 was also made as a separate adjustment (g) on the statutory notice. The Court's ruling here also governs that adjustment.↩
4. The $ 560 figure was based upon the substantiated amounts for 1976, listed above, and the use of the revised adjusted gross income figure for 1976, which slightly changed the one percent floor figure for medicine and drugs and the three percent floor figure for other medical and dental expenses.↩
5. The Salvation Army was not listed as one of the donees on petitioner's 1975 return, although there was a category "various other charities" in the amount of $ 300 but that was listed as a cash contribution. Respondent does not stipulate to the truth of the contents of the two receipts from the Salvation Army. Those receipts reflect the contribution of 90 pairs of new slippers and 40 new ladies evening gowns. Respondent does stipulate, however, that 90 pairs of slippers and 40 gowns were purchased by petitioner from auction houses as inventory to be resold at a later date. There is no other evidence in the record in regard to any non-cash contributions to the Salvation Army or any other charity, and the Court cannot find that any additional amount is allowable.↩